IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, | Case No. 16-cr-00594-DKW-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| ROBERT CARDINES, | |
| Defendant. | |

Defendant Robert Cardines moves for a reduction in his sentence to time-served, arguing that the coronavirus pandemic and his asserted obesity constitute an "extraordinary and compelling" circumstance justifying relief pursuant to Section 3582(c)(1)(A)(i) of Title 18.   As more fully set forth herein, Cardines' motion is DENIED for the following reasons.   First, although Cardines is incarcerated in a federal prison facility with more than 180 past reported coronavirus cases, there are currently only two active cases amongst the inmate population and no deaths since the beginning of the pandemic.   The Court does not find these circumstances to be extraordinary or compelling.   Second, even if such a circumstance existed, the Court is entirely unpersuaded that Cardines is not a danger to the safety of others or the community, as he must show to prevail on a motion such as this.

## RELEVANT PROCEDURAL BACKGROUND

On November 14, 2017, Cardines was sentenced to 120 months' imprisonment for conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine.   Dkt. Nos. 69, 73.   The presentence investigation report (PSR), Dkt. No. 60, reflected the following pertinent information.   Cardines was responsible for conspiring to distribute approximately 110 grams of d-methamphetamine hydrochloride of at least 80 percent purity (also known as "ice").   *Id*. at ¶¶ 20-21.   While Cardines was being processed after his arrest, he stated that his number one priority was to be a gangster and, if he was given a firearm, he would go on a "killing rampage."   *Id*. at ¶ 13.   Cardines also recalled that, the night before his arrest, he had grabbed a female by the neck in an illegal game room and slammed her head on a table for talking too loudly.   *Id*.   Further, Cardines' criminal history revealed multiple state-level offenses for promoting drugs and possession of a prohibited firearm. *Id*. at ¶¶ 41, 45-46.   These offenses, among others, resulted in long periods of incarceration for Cardines between 2002, and the events leading to the commission of the offenses charged in this case.   *Id*. at ¶¶ 41-46.   In addition, perhaps due to Cardines' periods of incarceration, the PSR also reflected a limited employment history between 2013 and 2016 and no other employment history, despite Cardines

2

obtaining a General Educational Development certificate in 1995.  *Id*. at ¶¶ 78, 80-83.  Further, Cardines reported using methamphetamine from the age of 12, with his last alleged use being in 2014, although he admitted that his use of methamphetamine "possibly" contributed to the commission of the offenses charged in this case.  *Id*. at ¶ 74.

At sentencing, the Court adopted the factual findings in the PSR, sentencing Cardines to 120 months' imprisonment−the mandatory minimum term of imprisonment and the low-end of the advisory sentencing range.  *Id*. at ¶¶ 87-88; Dkt. No. 69.  Thereafter, less than a year after sentencing and upon motion of the government, the Court reduced Cardines' sentence to 92 months' imprisonment pursuant to the representations in the government's motion.   Dkt. No. 76.

## <u>LEGAL STANDARD</u>

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative rights related thereto, "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with the relevant policy

statement of the U.S. Sentencing Commission.   18 U.S.C. § 3582(c)(1)(A)(i);

U.S.S.G. § 1B1.13.

The Sentencing Commission has defined "extraordinary and compelling

reasons" to include, among other things, a defendant suffering from a serious

physical or medical condition that substantially diminishes the ability of the

defendant to provide self-care within the environment of a correctional facility and

from which he is not expected to recover.   U.S.S.G. ¶ 1B1.13, app. note 1(A)(ii).

Age and family circumstances may also provide the basis for a finding of

"extraordinary and compelling" (*id*., app. note 1(B) and (C)), as may a "reason

other than, or in combination with, the reasons described in [the application note]."

*Id*., app. note 1(D).   With respect to the latter, the "extraordinary and compelling

reason" must be "determined by the Director of the Bureau of Prisons…."   *Id*.

## DISCUSSION

The Court denies Cardines' motion for compassionate release for two

principal reasons.   First, the Court does not find that an extraordinary and

compelling circumstance exists in this case.   Although Cardines argues that he is

obese, and, thus, is at increased risk of suffering serious consequences should he

contract the coronavirus, even if true, the reported data from Cardines' place of

incarceration does not reflect an extraordinary and compelling circumstance.

4

More specifically, as of the date of this Order, the Bureau of Prisons (BOP) reports two current cases of coronavirus amongst the inmate population at FCI Sandstone and six cases amongst staff.   *See* https://www.bop.gov/coronavirus (last visited November 17, 2020).[1]   The Court does not find those reported figures to represent an extraordinary and compelling circumstance in this case.

Second, even if Cardines' health and prison conditions could be considered an extraordinary and compelling circumstance for purposes of Section 3582(c)(1)(A)(i), the Court would **<u>not</u>** grant his motion for compassionate release because he has failed to show that he is not a danger to the safety of others or the community at large.   Specifically, as set forth above in the "Relevant Procedural Background[,]" the Court finds that Cardines' proposed early release would be a danger to others and the community in light of, among other things, his (1) lengthy criminal history of promoting drugs and firearm possession, (2) stated desire to be a gangster and go on not only a shooting rampage, but a "killing rampage[,]" and (3) confession that he slammed a woman's head against a table purely for speaking louder than he liked.   In addition, since sentencing, Cardines' prison record does not speak to a person who has learned the error of his ways, given that, in March

---

[1]Historically, FCI Sandstone reports a total of 183 cases and no deaths since the onset of the pandemic in early 2020.   *Id*.

2020, he was sanctioned for possessing drugs and/or alcohol while in prison.   *See* Dkt. No. 80-2.   The Court finds this conduct more telling and demonstrative of Cardines' purported rehabilitation than the educational courses he has taken while incarcerated.   *See* Dkt. No. 94 at 4.[2]

Accordingly, Cardines' motion for compassionate release, Dkt. No. 87, is DENIED.

IT IS SO ORDERED.

DATED: November 17, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

[2]Because the Court finds that Cardines would be a danger to the safety of others or the community, the Court need not address whether the Section 3553(a) factors support his proposed early release−factors which Cardines barely addresses in his motion.   *See* Dkt. No. 87 at 11-13. If the Court was required to address those factors, though, the Court strongly doubts that they would support a sentence other than the 92-month sentence issued in this case, let alone Cardines' early release.